Dear Representative Odinet:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. You asked the following questions:
 1. Is the authority of the Levee Police limited to the enforcement of state laws, or does it include the enforcement of municipal traffic laws on the roads and streets of municipalities?
 2. Is their jurisdiction limited to the levees and waterways within their levee district, or do they have authority to set up speed traps on city streets and act as substitute municipal police officers issuing traffic tickets summoning people to appear in municipal traffic courts for alleged violations of municipal traffic laws?
To address your first question, this office has taken the position in LA. Atty. Gen. Op. No. 93-719 that "LSA-R.S. 38:326
provides the levee districts with the authority for hiring police officers and requires that these officers be commissioned as peace officers by the Department of Public Safety and Corrections. Levee police are provided general police powers, including the power to arrest, in their entire district which includes not only the levee but also the area for drainage around the levee. As peace officers, they have both the authority and the duty to enforce all the laws of the state including the Louisiana highway regulatory laws." The opinion further takes the position that "the levee police are commissioned as peace officers by the Department of Public Safety and Corrections and possess law enforcement powers, in their jurisdictions, equivalent to those of a state police officer. Based upon this, it is the opinion of this office that the levee police would have the authority to enforce not only state *Page 2 
laws, but also municipal laws since they possess the equivalent law enforcement powers as the state police.
To address your second question, this question will be divided into two parts. First, is their jurisdiction limited to the levees and waterways within their levee district? As stated in the first question, LSA-R.S. 38:326 governs the jurisdiction of the levee police. Second, do they have the authority to set up speed traps on city streets and act as substitute municipal police officers issuing traffic tickets summoning people to appear in municipal traffic courts for alleged violations of municipal traffic laws? To address this issue, as stated above, LSA-R.S. 38:326 governs the powers of the levee police. Furthermore, LSA-R.S. 40:2402(1)(a) states, that a "Peace officer" means any full-time employee of the state, a municipality, a sheriff, or other public agency, whose permanent duties actually include the making arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state, but not including any elected or appointed head of a law enforcement department. In La. Atty. Gen. Op. No. 93-719, the office took the position that the levee police are commissioned as peace officers by the Department of Public Safety and Corrections and possess law enforcement powers, in their jurisdiction, equivalent to those of a state police officer. Therefore, it is the opinion of this office that if the levee police are performing legal duties within their jurisdiction, pursuant to the statutes referenced, they have the authority to do so.
If this office can be of further assistance, please do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI JR. ATTORNEY GENERAL
 BY: __________________________ PEGGY GOODS ASSISTANT ATTORNEY GENERAL *Page 1 
 JANUARY 19, 2006 OPINION NO. 05-0130
La. Atty. Gen. Op. No.
La. Atty. Gen. Op. No. 93-719, 1993 WL 561041 (La.A.G.)
(Cite as: 1993 WL 561041 (La.A.G.))
Office of the Attorney General State of Louisiana
*1 Opinion No. 93-719 December 15, 1993
5 ARRESTS
63 LEVEES, DRAINAGE FLOOD CONTROL
60 LAW OFFICERS — AUTHORITY JURISDICTION
La.R.S. 38:326
La.R.S. 14:95(G)
Levee police are commissioned as peace officers by the Department of Public Safety and Corrections. As peace officers, levee police may enforce all laws within their jurisdiction but do not enjoy State-wide investigatory and arrest powers. Levee police may carry concealed weapons while in the actual discharge of their official duties.
Chief Robert D. Thompson, Jr., Chief of Enforcement Office of Police Tensas Basin Levee District 505 Richwood Road No. 1 Monroe, Louisiana 71202-6875
Dear Chief Thompson:
Your request for an Attorney General opinion has been forwarded to me for research and reply. You asked the following questions:
1) Do levee police have the authority to enforce all state laws, in particular Louisiana Highway Regulatory Laws, anywhere in their district whether on levee or off?
2) Are levee police actually State Police officers in their jurisdiction?
3) Does their commission grant levee police authority to investigate all matters relating to their jurisdiction statewide?
4) Do these officers have powers to go anywhere in the state to make arrests or question suspects on a particular crime?
5) Do levee police have the right to carry concealed firearms during the course of their duty? *Page 2 
La. Atty. Gen. Op. No.
La. Atty. Gen. Op. No. 93-719, 1993 WL 561041 (La.A.G.)
(Cite as: 1993 WL 561041 (La.A.G.))
In response to your first question, La.R.S. 38:326 provides the levee districts with the authority for hiring police officers and requires that these officers be commissioned as peace officers by the Department of Public Safety and Corrections. Levee police are provided general police powers, including the power of arrest, in their entire district which includes not only the levee but also the area for drainage around the levee. As peace officers, they have both the authority and the duty to enforce all the laws of the state including the Louisiana highway regulatory laws.
In response to your second question, the levee police are commissioned as peace officers by the Department of Public Safety and Corrections and possess law enforcement powers, in their jurisdictions, equivalent to those of a state police officer.
However, the State police are a distinct group established by La.R.S. 40:1371 and enjoy state-wide powers. Therefore, although the levee police possess the equivalent authority while within the boundaries of their levee district, they are not in fact state police officers.
In response to your third and fourth questions, the levee police do not possess state-wide investigatory or arrest powers for matters arising in their jurisdiction. The levee police can enforce all state laws but enforcement power is limited to their own jurisdictions pursuant to La.R.S. 38:326. La.R.S. 38:326
states: "These peace officers have the right to exercise the power of arrest as peace officers, according to law, within the area of their jurisdiction as provided herein." It further provides: "Any person arrested by a levee district or levee and drainage district police officer in the exercise of his powers shall be immediately transferred by such officer to the custody of the sheriff or city police within whose jurisdiction the arrest occurs." Because of their limited jurisdiction, levee police should involve local authorities in order to make an arrest or to conduct questioning outside of their levee district. An exception, however, may be made in a situation of hot pursuit.
*2 In response to your final question, the levee police, as commissioned peace officers, have the authority to carry concealed weapons while on duty pursuant to La.R.S. 14:95(G) which provides an exception to the prohibition against carrying concealed weapons for "persons vested with police power when in the actual discharge of their official duties."
I hope that this opinion has adequately answered your questions. If our office can be of further assistance to you please do not hesitate to contact us.
Sincerely,
Richard P. Ieyoub
 Attorney General *Page 3 
La. Atty. Gen. Op. No.
La. Atty. Gen. Op. No. 93-719, 1993 WL 561041 (La.A.G.)
(Cite as: 1993 WL 561041 (La.A.G.))
Donald W. North
Assistant Attorney General
La. Atty. Gen. Op. No. 93-719, 1993 WL 561041 (La.A.G.)
END OF DOCUMENT